IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VICTOR MEJIA RIOS, INDIVIDUALLY AND AS NEXT FRIEND W.D.M.R, *ET AL.* | § § § § § § § § § § § § § | 5-19-CV-00552-RBF |
| *Plaintiffs*, | | |
| vs. | | |
| THE GEO GROUP, INC., | | |
| *Defendant*. | | |

## ORDER REGARDING PRETRIAL MATTERS AND PENDING MOTIONS

Before the Court is the status of the above-referenced case, which was assigned to me for disposition on September 4, 2019 following the parties' consent. *See* Dkt. Nos. 14, 16 & 17. **IT IS ORDERED** that this case is set for an Initial Pre-Trial Conference, pursuant to Federal Rule of Civil Procedure 16, on **October 16, 2019 at 10:00 a.m.** in Courtroom A on the 4th Floor of the John H. Wood, Jr. United States Courthouse, 655 E. Cesar Chavez Boulevard, San Antonio, Texas, 78206. The parties should be prepared to discuss entry of a Scheduling Order, any other matters set forth in Rule 16(c)(2), ***and any motions that may be pending at the time of the conference***.

On or before **October 9, 2019**, the parties shall confer in the manner required by Rule 26(f) of the Federal Rules of Civil Procedure and submit a Joint Discovery/Case Management Plan that answers the following questions:

1. What is the basis for subject-matter jurisdiction? Are there any outstanding jurisdictional issues? For cases premised on diversity jurisdiction, provide the citizenship of each party[1]

---

[1] The parties are reminded that the Court has a duty to examine its subject matter jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). In diversity cases, the "court must be certain that all plaintiffs have a different citizenship from all defendants," *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988), and it is the obligation of the party asserting federal jurisdiction to "distinctly and affirmatively allege" the citizenship of the parties. *Howery*, 243 F.3d at 919. If either party is an LLC, the citizenship of *each member* of the LLC

and explain whether or not the parties agree that the amount in controversy exceeds $75,000. For removal cases, explain whether the parties agree that the amount in controversy exceeded $75,000 *at the time of removal*. If there is any disagreement on these issues, each party should state its respective position.

2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or Petition, should any unserved parties be dismissed?

3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).

6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?

7. What, if any, discovery disputes exist or are anticipated?

8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

9. Have the parties discussed mediation? Is this a case that could be mediated early and effectively with limited discovery? If so, what discovery is essential to any early mediation and how could it be structured to streamline an early mediation?

The Court will address the substance of the parties' joint report and discovery plan at the Initial Pretrial Conference.

Finally, those appearing before the Court are advised of the following matters. First, counsel should refrain from communicating with the Courtroom Deputy or other court staff concerning substantive matters. Substantive communications with the Court should be conducted via officially filed documents. Nondispositive motions filed with the Court—even where the opposing party is proceeding pro se—must include a certificate of conference, as indicated in the Local and Federal Rules, reflecting a *good-faith*, *diligent* effort to resolve the disputed issue that is the subject of the motion. *See* Local Rule CV-7(i) (applying to all nondispositive motions); *see*

---

should be provided. *See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014).

*also* Fed. R. Civ. P. 37(a)(1) (applying to discovery disputes). While email or letter correspondence with opposing counsel may on some occasions be appropriate—*i.e.*, in the first instance or to ensure the motion is unopposed—in the Court's view, the best and most efficient way to comply with the conference requirement is through either an in-person meeting or actual conversation by telephone.[2] Accordingly, absent extenuating circumstances, a certificate of conference noting one or two unsuccessful attempts to confer—particularly where the attempts occur the day the motion is filed—will be disfavored and may result in denial of the requested relief. *See* Local Rule CV-7(i). Finally, reasonable requests for deadline extensions that do not threaten meaningful prejudice to the client typically should not be opposed. *See* Local Rule AT-4(b); *see also* Ex M to Local Rules. At the same time, the Court frowns upon last-minute requests for extensions or continuances, unless there is a genuine emergency or extenuating circumstances.

**IT IS SO ORDERED.**

SIGNED this 11th day of September, 2019.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

---

[2] *See, e.g.*, *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 400 (S.D. Tex. 2012) (noting that a single letter unilaterally identifying alleged flaws in discovery responses and setting an arbitrary response deadline is insufficient to comply with the conference requirement, "as it does not equate to a good faith conferral or attempt to confer); *Care Envtl. Corp. v. M2 Techs. Inc.*, No. CV-05-1600 (CPS), 2006 WL 1517742, at *1, 3 (E.D.N.Y. May 30, 2006) (explaining, "confer" means to "meet, in person or by telephone, and make a genuine effort to resolve the dispute"); Local Rule AT-4(e) ("When a discovery dispute arises, opposing lawyers should attempt to resolve it by working cooperatively together.").