# EXHIBIT 1



# FACT SHEET
# FOR JUDGE XAVIER RODRIGUEZ

## CIVIL CASES

### Contacting the Court

1.  Who should be contacted regarding scheduling matters?

    **Sylvia Ann Fernandez, Courtroom Deputy, (210) 472-6550, Ext. 5011.**

2.  May the court's law clerks be contacted directly?  If so, under what circumstances?

    **An attorney may address a procedural question that cannot be answered by the federal rules of procedure, local rules, or the judge's scheduling order to either the Judicial Assistant or the Law Clerk.  Please do not call the judge's staff to inquire about substantive issues.**

3.  May the court be contacted by e-mail or fax?  If so, what is the address or number?

    **Yes.  Fax number is 210-472-6577.**

4.  How does the court prefer attorneys to contact the court in an emergency?

    **Please call either Jan Wetzel, Judicial Assistant at (210) 472-6575 or Sylvia Ann Fernandez, Courtroom Deputy, (210) 472-6550, Ext. 5011.**

5.  May parties contact the court during depositions?

    **Yes, but only in circumstances that necessitate the Court's immediate attention.**

6.  What procedures should be followed if a party expects to be filing a motion for a temporary restraining order or other expedited relief?

    **After the TRO has been filed with the Clerk's office and the matter has been assigned to this Court's chambers, notify the Courtroom Deputy.  There may be a day or two delay before a "hard" copy is delivered to Chambers, accordingly, hand deliver a copy to Chambers.  Use every reasonable effort to provide notice to the adverse party that**

**the TRO has been filed, and provide a copy of the TRO to the opposing party by fax or electronic (e-mail) delivery.   Parties should comply with Fed. R. Civ. P. 65 and Local Rules.**

7.   What procedures should be followed to request an expedited hearing in a civil case?

**Contact the Law Clerk assigned to the case.**

8.   Is it permissible to contact the court regarding the status of motions in a civil case?  If so, should the law clerk or the courtroom deputy be contacted?

**The Law Clerk should be contacted.  Even numbered cases are handled by Lauren Laux and odd numbered cases by Mark Dore at (210) 472-6575.**

9.   Should the parties notify the courtroom deputy, the law clerk, or another person if a contested motion in a civil case has been resolved?

**The Law Clerk should be notified at (210) 472-6575 immediately upon resolution of the pending motion.**

**<u>General Pretrial Procedures</u>**

10.   What is the court's procedure for issuance of scheduling orders in civil cases?

**The Court will send the parties an order requiring them to confer and submit a proposed scheduling order to the Court.  Failure to submit a proposed scheduling order will result in the Court issuing its own order.**

11.   What is the court's procedure for requests for modification of scheduling orders?

**The court will approve, in most instances, an agreed modification.  If it is not agreed to, the opposing party should file a response to any motion to modify.**

12.   Are there matters that the court routinely refers to a magistrate judge in civil cases?

**At the time your lawsuit was filed, it was assigned to this district judge and a magistrate judge.  The parties must advise the district clerk of their respective positions concerning referring the case to a magistrate judge for jury or nonjury trial by consent, pursuant to 28 U.S.C. 636(c).  Discovery matters are routinely referred to a Magistrate Judge.  Otherwise, pursuant to Local Rule, Appendix C, various pretrial matters regarding civil cases filed by prisoners and reviews of administrative agency proceedings (social security appeals) are assigned to a Magistrate Judge.**

**Procedures Specific to Civil Cases**

13.    Does the court require that the parties in civil cases file their initial disclosures?

      **No.  Except in categories of proceedings exempted from initial disclosure under Fed. R. Civ. P. 26(a)(1)(E), the parties must, as soon as practicable and in any event at least 21 days before a proposed scheduling order is due, confer to consider all matters required by Rule 26(f).  Unless counsel office in differing cities, the parties should conduct a face-to-face meeting.  The parties' Rule 26(f) written report outlining their proposed discovery plan should be filed at the same time the parties submit their proposed scheduling order.**

14.    What are the court's procedures for referring civil cases to alternative dispute resolution? Under what circumstances does the court order mediation, when during the case is it ordered, and how is the mediator chosen?

      **At any time the parties believe it may be beneficial to participate in a non-binding mediation, they may agree to do so.  Parties are encouraged to agree upon a mediator. If the parties cannot agree to a mediator, the Court will appoint a mediator.  If the parties do not jointly agree to mediation, the Court will generally not order mediation, unless the Court is persuaded that there is a reasonable chance the case can be resolved.**

15.    Does the court have any specific requirements for removed cases?

      **The party removing the action from state court should ensure that all documents previously filed in state court are attached to the removal documents.  A copy of the state court docket sheet should be included.  Parties must re-urge any motion that was filed in state court.**

16.    Does the court typically have pretrial conferences in civil cases?  If so, when during the case?

      **After a scheduling order is issued, the judge will conduct a preliminary pretrial conference or intermediate status conferences.  A final pretrial conference will usually be conducted approximately ten (10) days prior to the date that trial is expected to begin.  Motions in limine and objections to exhibits will be heard and ruled upon at that time.**

17.    Does the court typically have docket calls in civil cases?  If so, when during the case?

      **No.**

18.     Does the court have any requirements for pretrial submissions in civil cases in lieu of or in addition to those in the local rules?

**A Final Joint Pretrial Order is required.  A listing of items required to be included are specified in the Scheduling and Docket Control Order.**

## Facilities and Technology

19.     Does the court reporter use Real Time?  If so, who should be contacted to obtain rough transcripts?

**Yes.  Contact should be made with court reporter GiGi Simcox at (210) 472-6550, Ext. 5037.**

20.     Does the courtroom have Internet access?  If so, must arrangements to use the Internet access be made ahead of time?

**Yes, there is internet access, but arrangements must be made ahead of time.**

21.     Please indicate which of the following are available in the courtroom:

Blackboard:              **Yes**

Chart stand:             **Yes**

Document presenter:  **Yes**

Video equipment:      **Limited availability, please coordinate this request with the Courtroom Deputy.**

22.     Is any additional technology available?  If so, please describe.

**An ELMO document camera and projector is available.  If a litigant intends to use any trial document presentation, they must supply their own software and hardware.**

**The court has the ability to receive all trial exhibits in electronic format.  The jury is then able to review the admitted exhibits during deliberations using the Jury Evidence Recording System (JERS).  Instructions on how to submit exhibits in the appropriate electronic format may be found here.**

23.     What arrangements must be made to use the available equipment?

**Courtroom Deputy Sylvia Ann Fernandez should be notified prior to the hearing or trial as to what equipment is needed.**

24.     May parties bring their own equipment?  If so, are there any restrictions on what equipment may be brought and who should be contacted to arrange for the delivery of such equipment?

**Parties should contact Jan Wetzel, Judicial Assistant at (210) 472-6575 or Sylvia Ann Fernandez, Courtroom Deputy, (210) 472-6550, Ext. 5011.**

25.     Is it possible to have time in the courtroom to familiarize oneself with the layout and available technology?  If so, who should be contacted to schedule the time?

**Yes, contact should be made with Jan Wetzel, Judicial Assistant at (210) 472-6575 or Sylvia Ann Fernandez, Courtroom Deputy, (210) 472-6550, Ext. 5011.**

**<u>Motions Practice</u>**

26.     When (if ever) does the court want a courtesy copy of a filing?

**Only for emergency motions.**

27.     Does the court prefer copies of cases attached to briefs or motions?  If so, are copies from electronic databases acceptable?  Does the court prefer pertinent provisions of the cases to be highlighted?

**No, but parties are encouraged to hyperlink citations in their briefs for Westlaw access.**

28.     Does the court typically have hearings on contested motions in civil cases?  If not, what circumstances would warrant a hearing?

**Should you desire oral argument on a motion, you should make such a request in the opening paragraph of your motion.  The Court will notify you if a hearing will be held.**

29.     What time of day are hearings in civil cases generally held?

**Civil hearings are usually held at 9:30 a.m. or 1:30 p.m.**

30.     Does the court allow telephone conferences for the resolution of motions or other matters?  If so, who arranges them and when are they typically scheduled?

**Yes, if a telephone conference is necessary it is to be arranged by the parties in coordination with Jan Wetzel, Judicial Assistant.**

31.     Does the court depart from the page limits contained in the local rules?  If so, by standing order or is a motion for leave of court and order required?

**Any brief or memorandum less than 30 pages may be submitted.**

32.   Does the court accept briefing on motions beyond the motion, response, and reply?  If so, is a motion for leave of court and order required?

**Yes.  Call the Law Clerks who will confer with the Judge.**

33.   Does the court accept letter briefs in civil cases?  If so, are there circumstances in which the court prefers letter briefs?

**Letter briefs should not be submitted.**

34.   Does the court permit the parties in civil cases to agree to extensions of time by stipulation filed with the court, rather than by motion and order, where the extension will not affect other pretrial dates? E.g., an extension to answer the complaint or to respond to written discovery.

**Extensions to answer a complaint require an agreed motion and proposed order.  See Fed. R. Civ. P. 6.  Otherwise, discovery extensions may be stipulated to between the parties without any need for court approval.**

35.   How far before trial does the court rule on dispositive motions?

**As far in advance as possible, but if the court cannot address the motion, it will usually continue the trial setting.**

36.   Does the court have any particular rules regarding filing, hearing, or granting motions that have not been addressed above?

**Do not combine a motion to dismiss and an answer in one document.  Do not submit a response and a motion together in one document.  Motions to Dismiss and Motions for Summary Judgment should contain a background statement of uncontested facts.  Any request that a trial date be modified must be made in writing to the judge before the deadline for completion of discovery.  A motion in limine must be confined to matters actually in dispute.  If a motion or response contains numerous exhibits, consider delivering a "hard copy" to Chambers.  Briefs or motions on CD with hyperlinks to cases or exhibits are also accepted.**

## Courtroom Decorum

37.   Does the court have special rules governing courtroom decorum (e.g., addressing opposing counsel; approaching the witness; talking or passing notes at the counsel table; beverages allowed at the counsel table; attire)?

**Attorneys are required to wear standard business attire.  For men, this includes a coat and tie.  For women, it includes tailored suits and tailored dresses.  Slacks are**

6

**acceptable if part of a tailored pantsuit.  Slacks or skirts with a blouse or sweater, but without a jacket, are not acceptable.  Extremely short skirts are not acceptable.**

**Otherwise, see Local Rule AT-5.**

38.   Does the court prefer that counsel address the court from counsel table or from the lectern?

**From the lectern.**

39.   Does the court prefer that counsel address witnesses from counsel table or from the lectern?

**From the lectern.**

## Hearing and Trial Procedures

40.   What is the court's general procedure for continuing civil trials?  How early does the court want the request made and how early will the court rule on such a request?

**Any request that a trial date be modified must be made in writing.  The opposing side must be conferred with regarding the continuance of a trial.  If there is an agreement, the Court normally approves a continuance.  If there is no agreement, a response indicating the grounds for opposition should be filed.**

41.   Will the court grant a motion to continue the trial date if it is unable to rule on a pending dispositive motion before the parties must begin final trial preparation?

**Yes.**

42.   When does the court typically begin and end trial days?

**Trial will normally convene at 9:00 a.m. and adjourn around 5:00 p.m., recessing for lunch between 12:00 p.m. and 1:15 p.m.**

43.   Does the court permit the use of jury questionnaires?  If so, when should the proposed questionnaire be provided to the court?

**Only with permission.  The proposed questionnaire should be provided to the Court as soon as possible, but no later than 60 days before trial.**

44.   Does the court allow attorneys to conduct their own voir dire in civil cases?  If so, typically for how long?

**The Judge will conduct the principal voir dire.  Attorneys may submit written questions in advance.  On completion of the general voir dire, the Judge typically allows attorneys to ask follow-up questions (a time limit of 20 minutes per side is usually imposed).**

7

45.     How much time are parties typically given for opening statements in civil cases?

        **Counsel are normally afforded 20-30 minutes per side to make an opening statement.**

46.     Does the court require the parties to exchange demonstratives prior to using them in trial?  If so, when should they be exchanged?

        **To avoid bench conferences in a jury trial, the Court recommends that parties exchange any item that a party intends to use in the presence of the jury as a demonstrative aid, regardless whether the party intends to move its admission in evidence.**

        **Please Note: Exhibits are to be placed in three-ring binders.  The binders should be labeled with the style of the case, case number, and whether the binder is "Plaintiff's Exhibit Notebook" or "Defendant's Exhibit Notebook."  The first page in the binder should have the style of the case, case number, and "Plaintiff's/Defendant's Exhibit Notebook."  The next page should be the exhibit index.  Each exhibit should be tabbed for ease of locating that exhibit.  Special exhibit labels are not necessary; you may use the standard "Plaintiff/Defendant Exhibit" labels.  Provide one set of exhibits for the judge and one set for use by witnesses on the witness stand.**

        **The court has the ability to receive all trial exhibits in electronic format.  The jury is then able to review the admitted exhibits during deliberations using the Jury Evidence Recording System (JERS).  Instructions on how to submit exhibits in the appropriate electronic format may be found [here].**

47.     Does the court permit the parties to use deposition testimony by agreement even if the witness is not unavailable?

        **The Court will accept the parties' agreement to use a deposition at trial even though the witness is available.  Otherwise, parties must follow Fed. R. Civ. P. 32.  Before trial, counsel must provide the Courtroom Deputy with a copy of all depositions to be used as exhibits at trial.  Counsel will designate the portion of any deposition to be read by citing pages and lines.  Objections to those portions (citing pages and lines) with supporting authority must be filed at least three (3) business days before trial.  Use of videotape depositions is permitted to the extent the parties agree on admissibility or edit to resolve objections.**

48.     Must a party intending to present testimony by deposition provide excerpts to the court?  If so, when?

        **Yes, see above for guidelines.**

49.    May the parties provide the court with electronic versions of proposed jury instructions, verdict forms, or proposed findings of fact and conclusions of law?  If so, what format should be used?

       **Yes.  Documents may be submitted in Word or WordPerfect.**

50.    May the parties leave exhibits and equipment in the courtroom overnight?

       **Yes.**

51.    What is the court's practice on returning exhibits to the parties and requiring the parties to preserve them for appeal?

       **At the conclusion of trial, the Courtroom Deputy will approach counsel and return all exhibits.  Counsel will be required to sign an Inventory of Exhibits.  Counsel are responsible for maintaining exhibits in an unaltered and safe manner for appeal.**

## Court Appointments

52.    What are the court's procedures and requirements for court appointments for indigents?

       **Cases are referred to the Magistrate Judge to determine the eligibility and assignment of court appointed counsel.**

53.    What are the court's procedures and requirements for appointment of guardians ad litem?

       **If an ad litem is required, the Court will appoint, but the parties may make recommendations.**

## Miscellaneous

54.    What are the court's procedures for dismissal of cases for want of prosecution?

       **Failure to serve a defendant within 120 days will trigger a notice to show cause why the case or defendant should not be dismissed.  Otherwise, a defendant should refrain from filing a motion to dismiss for want of prosecution unless a sufficient time has elapsed without activity (normally 6 months).**

55.    What are the court's requirements and procedures for voluntary dismissal of cases?

       **The court will sign voluntary dismissals so long as such dismissals resolve all issues.**

56.     When does the court find that sanctions are appropriate?

**Counsel for all parties and all pro se parties should cooperate fully in the discovery process and make all reasonable discovery available to the requesting party.  Excessive discovery or resistance to reasonable discovery will not be tolerated.  Throughout the discovery process, counsel must observe the standards of litigation set forth in Local Rule AT-4.  Unnecessary discovery or unreasonable delay may subject the infracting party to sanctions and the payment of costs.**

57.     Are there any other special practices or procedures for lawyers and parties appearing before the court in civil cases?

**No.**

58.     Any pet peeves?

**Tardiness**
**Attorneys talking too fast and upsetting the Court Reporter.**
**Not immediately notifying the Court that a motion is unopposed (or that portions of a motion are uncontested).**
**Failure to acknowledge/distinguish cases adverse to your position.**
**Unprofessional conduct/use of adjectives to debase or impugn opposing counsel or the adverse party.**
**Not immediately notifying the Court that the case has been settled.**

## CRIMINAL CASES

### Contacting the Court

1.  Who should be contacted regarding scheduling matters?

    **Sylvia Ann Fernandez, Courtroom Deputy, (210) 472-6550, Ext. 5011.**

2.  May the court's law clerks be contacted directly?  If so, under what circumstances?

    **An attorney may address a procedural question that cannot be answered by the federal rules of procedure, local rules, or the judge's scheduling order to either the Judicial Assistant or the Law Clerk.  Please do not call the judge's staff to inquire about substantive issues.**

3.  May the court be contacted by e-mail or fax?  If so, what is the address or number?

    **Yes.  Fax number is 210-472-6577.**

4.  How does the court prefer attorneys to contact the court in an emergency?

    **Please call either Jan Wetzel, Judicial Assistant at (210) 472-6575 or Sylvia Ann Fernandez, Courtroom Deputy, (210) 472-6550, Ext. 5011.**

5.  What procedures should be followed if a party expects to be filing a motion for an expedited relief?

    **After the motion has been filed with the Clerk's office, notify the Courtroom Deputy.  There may be a day or two delay before a "hard" copy is delivered to Chambers, accordingly, hand deliver a copy to Chambers.  Use every reasonable effort to provide notice to the adverse party that the motion has been filed, and provide a copy of the motion to the opposing party by fax or electronic (e-mail) delivery.**

6.  What procedures should be followed to request an expedited hearing in a criminal case?

    **Contact Sylvia Ann Fernandez, Courtroom Deputy, (210) 472-6550, Ext. 5011.**

7.  Is it permissible to contact the court regarding the status of motions in a criminal case?  If so, should the law clerk or the courtroom deputy be contacted?

    **Contact Sylvia Ann Fernandez, Courtroom Deputy, (210) 472-6550, Ext. 5011.**

8.  Should the parties notify the courtroom deputy, the law clerk, or another person if a contested motion in a criminal case has been resolved?

    **Notify Sylvia Ann Fernandez, Courtroom Deputy, (210) 472-6550, Ext. 5011.**

9.    How should attorneys advise the court when a criminal case requires an evidentiary sentencing hearing?

    **Contact Sylvia Ann Fernandez, Courtroom Deputy, (210) 472-6550, Ext. 5011.**

## General Pretrial Matters

10.    What is the court's procedure for issuance of scheduling orders in criminal cases?

    **A general scheduling order and trial date is entered by the Court immediately after the case has been assigned to Chambers.**

11.    What is the court's procedure for requests for modification of scheduling orders?

    **The court will approve, in most instances, an agreed modification.  If it is not agreed to, the opposing party should file a response to any motion to modify.**

12.    Are there matters that the court routinely refers to a magistrate judge in criminal cases?

    **Pleas of guilty and motions for appointment, withdrawal or substitution of counsel may be referred.**

## Procedures Specific to Criminal Cases

13.    Must counsel in criminal cases confer on all motions before filing them?  If so, must counsel reflect the result of their conference in the body or title of the motion?

    **No, except on discovery matters.  The Court enters a General Order regarding Discovery very early in the case.  That Order requires various discovery disclosures to be made without the necessity of any written motion.  No "routine" discovery motions should be filed, unless the General Order of Discovery has not been complied with.**

14.    Does the court prefer use of the pretrial checklist or pretrial motion practice?

    **All parties should comply with the General Order of Discovery.  In addition, parties are encouraged to also use the discovery checklist provided by Local Rule CR-16.**

15.    If the parties use the pretrial checklist, how should they make a record of what was agreed to?

    **The checklist is self explanatory and should be signed by both counsel and filed.  If there are questions, the parties can approach the Court.**

16. If the parties use the pretrial checklist, how should they get a hearing on contested matters?

    **File a motion, attach the checklist and ask for a hearing.**

17. Does the court have any specific requirements for motions to suppress?  If so, please describe them.

    **To require an evidentiary hearing, the motion and opposition must be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that there are contested issues of material fact going to the validity of the government's conduct that must be resolved before the motion can be decided.  Unless the moving and responding papers establish disputed issues of material fact, a hearing may not be necessary.  The mere desire to cross-examine an opposing witness is never enough to justify the need for an evidentiary hearing.  Factual detail and case citations are required.**

18. Does the court have any specific requirements for discovery motions?  If so, please describe them.

    **All parties should comply with the General Order regarding Discovery.  In addition, parties are encouraged to also use the discovery checklist provided by Local Rule CR-16.**

19. What does the court hope to accomplish at docket call settings in criminal cases?

    **The status of the case, if a plea will be entered or a trial will be necessary.**

20. When should exhibits and objections to them be exchanged and filed?

    **All exhibits, except those offered solely for impeachment, that a party intends to offer at trial must be marked before trial with an exhibit number, and be exchanged with opposing parties at least 3 days before the date of the trial setting.  Unless the court advises the parties otherwise, however, they must not deliver trial exhibits, or the court's copies of such exhibits, to the court before the date the trial actually commences.  To avoid bench conferences during a jury trial, the Court recommends that parties exchange any item that a party intends to use in the presence of the jury as a demonstrative aid, regardless of whether the party intends to move its admission in evidence.**

    **The court has the ability to receive all trial exhibits in electronic format.  The jury is then able to review the admitted exhibits during deliberations using the Jury Evidence Recording System (JERS).  Instructions on how to submit exhibits in the appropriate electronic format may be found here.**

21.    Does the court prefer that objections to the Presentence Investigation Report be filed or merely communicated to the Probation Officer?

**Objections to the Presentence Investigation Report or Guideline Worksheet shall be submitted to the Probation Officer.  If the Probation Officer does not modify the PSIR or Guideline Worksheet and the objection remains unresolved, Counsel shall file a Sentencing Memorandum outlining the unresolved objection, any authorities relied upon and sentencing recommendations for the Court's consideration.  As part of the Sentencing Memorandum, counsel may submit exhibits/letters.  The Sentencing Memorandum should be filed with the Clerk's Office as least 3 days prior to any sentencing hearing.  Counsel shall provide a copy of the Sentencing Memorandum to the U. S. Probation Officer and opposing counsel.**

## Facilities and Technology

22.    Does the court reporter use Real Time?  If so, who should be contacted to obtain rough transcripts?

**Yes.  Contact should be made with court reporter GiGi Simcox at (210) 472-6550, Ext. 5037.**

23.    Does the courtroom have Internet access?  If so, must arrangements to use the Internet access be made ahead of time?

**Yes, there is internet access, but arrangements must be made ahead of time.**

24.    Please indicate which of the following are available in the courtroom:

Blackboard:        **Yes**

Chart stand:        **Yes**

Document presenter:  **Yes**

Video equipment:       **Limited availability, please coordinate this request with the Courtroom Deputy.**

25.    Is any additional technology available?  If so, please describe.

**An ELMO document camera and projector is available.  If a litigant intends to use any trial document presentation, they must supply their own software and hardware.**

**The court has the ability to receive all trial exhibits in electronic format.  The jury is then able to review the admitted exhibits during deliberations using the Jury Evidence Recording System (JERS).  Instructions on how to submit exhibits in the appropriate electronic format may be found here.**

26.   What arrangements must be made to use the available equipment?

**Courtroom Deputy Sylvia Ann Fernandez should be notified prior to the hearing or trial as to what equipment is needed.**

27.   May parties bring their own equipment?  If so, are there any restrictions on what equipment may be brought and who should be contacted to arrange for the delivery of such equipment?

**Yes, contact should be made with Jan Wetzel, Judicial Assistant at (210) 472-6575 or Sylvia Ann Fernandez, Courtroom Deputy, (210) 472-6550, Ext. 5011.**

28.   Is it possible to have time in the courtroom to familiarize oneself with the layout and available technology?  If so, who should be contacted to schedule the time?

**Yes, contact should be made with Jan Wetzel, Judicial Assistant at (210) 472-6575 or Sylvia Ann Fernandez, Courtroom Deputy, (210) 472-6550, Ext. 5011.**

**<u>Motions Practice</u>**

29.   When (if ever) does the court want a courtesy copy of a filing?

**Only for emergency motions.**

30.   Does the court prefer copies of cases attached to briefs or motions?  If so, are copies from electronic databases acceptable?  Does the court prefer pertinent provisions of the cases to be highlighted?

**Yes, copies of cases should be attached to briefs or motions, and copies from electronic databases are acceptable with pertinent parts highlighted.**

31.   Does the court typically have hearings on contested motions in criminal cases?  If not, what circumstances would warrant a hearing?

**Yes, however see answers to questions nos. 18 and 19.**

32.   What time of day are hearings in criminal cases generally held?

**Criminal hearings are usually held at 9:30 a.m. or 1:30 p.m.**

33.   Does the court allow telephone conferences for the resolution of motions or other matters? If so, who arranges them and when are they typically scheduled?

**Yes, if a telephone conference is necessary it is to be arranged by the parties in coordination with Jan Wetzel, Judicial Assistant.**

34.   Does the court depart from the page limits contained in the local rules?  If so, by standing order or is a motion for leave of court and order required?

**Without leave of Court, any brief or memorandum less than 30 pages may be submitted.**

35.   Does the court accept briefing on motions beyond the motion, response, and reply?  If so, is a motion for leave of court and order required?

**Yes.  Call the Law Clerks who will confer with the Judge.**

36.   Does the court accept letter briefs in criminal cases?  If so, are there circumstances in which the court prefers letter briefs?

**Letter briefs should not be submitted.**

37.   Does the court permit the parties in criminal cases to agree to extensions of time by stipulation filed with the court, rather than by motion and order, where the extension will not affect other pretrial dates? E.g., an extension to answer the complaint or to respond to written discovery.

**Yes.**

38.   How far before trial does the court rule on dispositive motions?

**As far in advance as possible, but if the court cannot address the motion, it will usually continue the trial setting.**

39.   Does the court have any particular rules regarding filing, hearing, or granting motions that have not been addressed above?

**Do not submit a response and a motion together in one document.  Motions to Suppress should contain a background statement of uncontested facts.  Any request that a trial date be modified must be made in writing.  A motion in limine must be confined to matters actually in dispute.**

## Courtroom Decorum

40.   Does the court have special rules governing courtroom decorum (e.g., addressing opposing counsel; approaching the witness; talking or passing notes at the counsel table; beverages allowed at the counsel table; attire)?

**Attorneys are required to wear standard business attire.  For men, this includes a coat and tie.  For women, it includes tailored suits and tailored dresses.  Slacks are**

**acceptable if part of a tailored pantsuit.  Slacks or skirts with a blouse or sweater, but without a jacket, are not acceptable.  Extremely short skirts are not acceptable.**

**Otherwise, see Local Rule AT-5.**

41.   Does the court prefer that counsel address the court from counsel table or from the lectern?

**From the lectern.**

42.   Does the court prefer that counsel address witnesses from counsel table or from the lectern?

**From the lectern.**

## Hearing and Trial Procedures

43.   What is the court's general procedure for continuing criminal trials?  How early does the court want the request made and how early will the court rule on such a request?

**Any request that a trial date be modified must be made in writing.  The opposing side must be conferred with regarding the continuance of a trial.  If there is an agreement, the Court normally approves a continuance.  If there is no agreement, a hearing is held.**

44.   Will the court grant a motion to continue the trial date if it is unable to rule on a pending dispositive motion before the parties must begin final trial preparation?

**Yes.**

45.   When does the court typically begin and end trial days?

**Trial will normally convene at 9:00 a.m. and adjourn around 5:00 p.m., recessing for lunch between 12:00 p.m. and 1:15 p.m.**

46.   Does the court permit the use of jury questionnaires?  If so, when should the proposed questionnaire be provided to the court?

**Only with permission.  The proposed questionnaire should be provided to the Court as soon as possible, but no later than 60 days before trial.**

17

47.     Does the court allow attorneys to conduct their own voir dire in criminal cases?  If so, typically for how long?

   **The Judge will conduct the principal voir dire.  Attorneys may submit written questions in advance.  On completion of the general voir dire, the Judge typically allows attorneys to ask follow-up questions (a time limit of 20 minutes is usually imposed).**

48.     How much time are parties typically given for opening statements in criminal cases?

   **Counsel are normally afforded 20-30 minutes to make an opening statement.**

49.     Does the court permit the parties to use deposition testimony by agreement even if the witness is not unavailable?

   **The Court will accept the parties' agreement to use a deposition at trial even though the witness is available.  Before trial, counsel must provide the Courtroom Deputy with a copy of all depositions to be used as exhibits at trial.  Counsel will designate the portion of any deposition to be read by citing pages and lines.  Objections to those portions (citing pages and lines) with supporting authority must be filed at least three (3) business days before trial.  Use of videotape depositions is permitted to the extent the parties agree on admissibility or edit to resolve objections.**

50.     Must a party intending to present testimony by deposition provide excerpts to the court?  If so, when?

   **Yes, see above for guidelines.**

51.     May the parties provide the court with electronic versions of proposed jury instructions, verdict forms, or proposed findings of fact and conclusions of law?  If so, what format should be used?

   **Yes.  Documents may be submitted in Word or WordPerfect.**

52.     May the parties leave exhibits and equipment in the courtroom overnight?

   **Yes.**

53.     What is the court's practice on returning exhibits to the parties and requiring the parties to preserve them for appeal?

   **At the conclusion of trial, the Courtroom Deputy will approach counsel and return all exhibits.  Counsel will be required to sign an Inventory of Exhibits.  Counsel are responsible for maintaining exhibits in an unaltered and safe manner for appeal.**

**Miscellaneous**

54.     When does the court find that sanctions are appropriate?

**Counsel for all parties and all pro se parties should cooperate fully in the discovery process and to make all reasonable discovery available to the requesting party. Excessive discovery or resistance to reasonable discovery will not be tolerated. Throughout the discovery process, counsel must observe the standards of litigation set forth in Local Rule AT-4.  Unnecessary discovery or unreasonable delay may subject the infracting party to sanctions and the payment of costs.**

55.     Are there any other special practices or procedures for lawyers and parties appearing before the court in criminal cases?

**Counsel should thoroughly confer with their clients BEFORE the rearraignment regarding any plea.  Plea agreements should be completely signed (and copies provided to the Courtroom Deputy) well in advance of the hearing.**

56.     Any pet peeves?

**Tardiness.**
**Attorneys talking too fast and upsetting the Court Reporter.**
**Not immediately notifying the Court that a motion is unopposed (or that portions of a motion are uncontested).**
**Failure to acknowledge/distinguish cases adverse to your position.**
**Unprofessional conduct/use of adjectives to debase or impugn opposing counsel or the adverse party.**
**Objections raised for the first time at the sentencing hearing and not previously made to the Probation Officer.**