**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| VICTOR MEJIA RIOS, INDIVIDUALLY AND AS NEXT FRIEND W.D.M.R, *ET AL.*, | § § § § | |
| *Plaintiff(s)*, | § § | 5-19-cv-00552-RBF |
| v. | § § | |
| THE GEO GROUP, INC., | § § | |
| *Defendant*. | § § | |

**JOINT PROPOSED DISCOVERY-CONTROL PLAN**
**FOR PHASE I OF DISCOVERY**

In response to this Court's Order granting phased discovery, ECF No. 35, the parties

hereby submit the attached Joint Proposed Discovery Plan for the Court's consideration.

Respectfully submitted,

*/s/ Jule Rousseau*

Jule Rousseau (admitted *pro hac vice*)
ARENT FOX LLP
1301 Avenue of the Americas, Floor 4
New York, NY 10019
212-484-3900
jule.rousseau@arentfox.com

*Counsel for Plaintiffs*

*/s/ Charlie Deacon*

Charles A. Deacon
NORTON ROSE FULBRIGHT US LLP
300 Convent Street, Suite 2100
San Antonio, Texas 78205
Telephone: (210) 224-5575
Telecopier: (210) 270 7205
charlie.deacon@nortonrosefulbright.com

*Counsel for The GEO Group, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| VICTOR MEJIA RIOS, INDIVIDUALLY AND AS NEXT FRIEND W.D.M.R, *ET AL*., | § § § § | |
| Plaintiff(s), | § § | 5-19-cv-00552-RBF |
| v. | § § | |
| THE GEO GROUP, INC., | § § | |
| Defendant. | § § | |

**JOINT DISCOVERY-CONTROL PLAN**
**FOR PHASE I OF DISCOVERY**

Pursuant to the Court's Order directing the parties to file a joint discovery-control plan to govern Phase I of discovery, ECF No. 35, the Plaintiffs and Defendant The GEO Group, Inc. ("GEO"; collectively the "Parties") conducted a Rule 26(f) conference by email on June 4, 2020, and further consulted by email thereafter. The Parties jointly present to the Court this written report outlining a proposed discovery-control plan that is tailored to address the issues identified by the Court by developing a record to address "the manner in which the separation was effected" and "the scope of GEO's authority to do it." Order at 3.

**I.     PARTIES' PLAN FOR PHASE I DISCOVERY**

As a preliminary matter, no changes should be made in the timing, form, or requirement for disclosures under Rule 26(a). Plaintiffs and GEO made their initial disclosures pursuant to Rule 26(a) on November 6, 2019 and further agreed to supplement as necessary.

To streamline discovery and to adequately address the needs of the Parties to aid in developing a record as ordered by the Court while minimizing the costs to all the Parties and

promoting a timely resolution of this litigation, the Parties agree to limit discovery for Phase I to the following topics identified in the Court's Order:

1.  The nature and scope of GEO's role and authority to participate in the moving of Plaintiffs on 15 and 16 August 2018, including but not limited to communications to and from Immigration and Customs Enforcement ("ICE") preceding, during, and immediately following the Plaintiff Fathers' being moved and returned to Karnes Detention Facility and ICE's standard practices in making decisions to move Plaintiffs; and

2.  The manner in which GEO allegedly effected the moving of Plaintiff Fathers', including applicable ICE governing standards, ICE's ratification of GEO's performance, and ICE's direct participation in the move.

To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes where possible, the following procedures have been agreed to by the Parties in this case:

- The Parties will first attempt in good faith to substantively discuss any discovery disputes by telephone before issuing discovery deficiency correspondence or seeking Court intervention;

- Discovery responses will be served by e-mail on all counsel; and

- Written discovery requests will be served in Word format upon the opposing counsel.

**A.**     **Phase I Discovery Completion Date**

The Parties propose a Phase I Discovery cut-off of September 9, 2020 based on the limited amount of discovery necessary to address the issues identified by the Court. Accordingly, all Phase I Discovery will be commenced and served in time to be completed by the cut-off date.

**B.**      **Electronically Stored Information ("ESI")**

At this time, the Parties do not anticipate any problems with ESI preservation and production. Though nothing in this plan waives the Parties' respective objections to written discovery, or serves as an admission that any written discovery is proper, the Parties agree that ESI will be searched as part of responding to written discovery requests seeking same, subject to the limitations set forth in the Federal Rules of Civil Procedure and case law interpreting and applying same. If such discovery is appropriate, the Parties shall agree on appropriate parameters including the format of production, date ranges and search terms. Subject to any objections that may be properly asserted, the Parties agree to produce documents in PDF, TIFF, native and/or paper, or a combination of those formats, as appropriate. If particular documents warrant a different production format, the Parties will cooperate to arrange for the mutually acceptable production of such documents. The Parties agree not to degrade the searchability, if any, of documents as part of the document production process.

The Parties agree to work toward an agreement regarding a protocol for analyzing and reviewing such data and information. The Parties have not reached an agreement regarding the scope of what, if any, information on the respective Parties' information systems is or is not discoverable, but have agreed to take steps to preserve such data as of the date this document is filed.

**C.**      **Depositions**

The Parties agree that depositions are likely unnecessary at this stage.  As described above and below, GEO anticipates it will make a substantial production of responsive documents and declarations that will mostly negate the need for depositions during this limited phase of discovery. Therefore, excluding depositions of witnesses for which the Parties intend to offer declarations

and given the limited topics at issue in Phase I Discovery, depositions are deemed unnecessary during Phase I Discovery except to the extent either party is able to demonstrate a specific need for deposition testimony on issues that fall within the topics identified in the Court's Order.

**D.    Declarations**

As referenced above, the Parties have generally agreed to forgo depositions throughout Phase I Discovery.  GEO further agrees to provide declarations addressing the following specific topics:

1.    Whether GEO or any of its agents made requests to ICE to move any detainees on or immediately preceding August 15 and 16 of 2018 and whether there were any other orders related to those requests, or if no requests were sent, then any orders received from ICE and the understood bases for those orders;

2.    GEO's typical procedure for moving detainees, including whether restraints were used and what equipment is supposed to be present;

3.    Information about the specific move taking place on August 15-16, 2018 including tactics, restraints, complaints from detainees, and equipment carried by GEO personnel;

4.    GEO's understanding of ICE's involvement in the moving of Plaintiffs including personnel present and/or otherwise involved, the extent of their involvement and/or right to direct GEO personnel's behavior and the basis for GEO's understanding; and

5.    The details of ICE's or any other government entity's reports concerning any non-compliance with its standards or any formal complaints with GEO during or after the August 15 and 16 moving of Plaintiffs.

### E.      Interrogatories

The Parties agree to limit and serve interrogatories within the time frame set by this discovery-control plan. Plaintiffs will be permitted to collectively propound a maximum of 25 interrogatories, including all discrete subparts, on GEO.

GEO will be permitted to propound a single, standardized set of up to 25 interrogatories, including all discrete subparts, on each plaintiff.  Interrogatories propounded by the Parties will be limited to the following specific topics identified above.

### F.      Requests for Admissions

The Parties agree that there is currently no good cause to expand the number of Requests for Admission beyond the limit imposed under Federal rule of Civil Procedure 36 and Local Rule CV-36, particularly since Phase I discovery in this matter will focus solely upon issues outlined above. Therefore, an expansion of the number of Requests for Admission is unnecessary at this time. The Parties agree to meet and confer about the need for, and scope of, additional Requests for Admission in the event discovery beyond Phase I is needed.

### G.      Requests for Production

The Parties acknowledge and agree that all requests will be narrowly tailored to the scope of the Phase I Discovery as defined above.

### H.      Written Discovery to Third Parties

Until further order of the Court, third party discovery, if required, is limited to depositions on written questions to obtain documents in admissible form.

### I.      Confidentiality of Documents.

An order preserving the confidentiality of documents will be entered by this Court. The Parties shall meet and confer to discuss an appropriate protective order. The Parties will attempt

to agree on a mutually acceptable definition of confidentiality that will apply to documents produced in this litigation.

However, the Parties recognize that information requested in discovery may be in the possession of government agencies, such as ICE, the Department of Homeland Security, the Department of Justice or other federal agencies and/or subject to prohibitions or limitations on disclosure in redacted or unredacted form under federal statutes and the regulations of those agencies. Reviews and approvals for disclosures of information and/or depositions may occur pursuant to processes and on timelines that the Parties cannot control. A protective order agreed to by the Parties and entered by the Court may also need to be approved by the appropriate federal agencies. If the Parties cannot reach an agreement concerning confidentiality, either party can move for protection or file any other appropriate motion with the Court to seek relief.

**J.** **Dispositive Motions**

All motions that, if granted by the Court, would dispose of part or all of the case, specifically including motions for summary judgment, shall be filed not later than November 9, 2020.

This Joint Discovery-Control Plan is structured to adhere to the judicial management principles directed by the Court's order.


IT IS SO ORDERED.

SIGNED on this ___ day of June, 2020

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2020, I electronically filed, on behalf of both parties, the

foregoing Joint Proposed Phase I Discovery Plan through the Court's CM/ECF system, which

sent notification of such filing to all counsel of record who have appeared in this case:

Charles A. Deacon
charlie.deacon@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
300 Convent Street, Suite 2100
San Antonio, Texas 78205
Telephone: (210) 224-5575
Telecopier: (210) 270 7205

Mark T. Emery
mark.emery@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
799 9th St. NW, Suite 1000
Washington, DC 20001

*Attorneys for Defendant The GEO Group, Inc.*

Jule Rousseau (admitted pro hac vice)
jule.rousseau@arentfox.com
ARENT FOX LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019
212-484-3900

Jacob M. Gilbert
ismael.bautista@arentfox.com
jake.gilbert@arentfox.com
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
213-629-7400

Curtis FJ Doebbler
Manoj Govindaiah
manoj.govindaiah@raicestexas.org
curtis.doebbler@raicestexas.org
Refugee And Immigrant Center for
Education and Legal Services (RAICES)
802 Kentucky Avenue

San Antonio, TX 78201
210-226-7722

Bridget Cambria
Karen Hoffman
bridget@aldeapjc.org
karen@aldeapjc.org
Aldea - The People's Justice Center
532 Walnut Street
Reading, PA 19601
484-926-2014

*Attorneys for Plaintiffs*

/s/ Curtis Doebbler
Curtis FJ Doebbler
curtis.doebbler@raicestexas.org
Refugee and Immigrant Center for
Education and Legal Services (RAICES)
802 Kentucky Avenue
San Antonio, TX 78201
210-226-7722