IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VICTOR MEJIA RIOS *ET AL*.<br><br>*Plaintiffs*,<br><br>vs.<br><br>THE GEO GROUP, INC.,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 5-19-CV-00552-RBF |

**ORDER**

Before the Court is the status of the above-referenced case, which was assigned for disposition following the parties' consent to U.S. Magistrate Jurisdiction. *See* Dkt. Nos. 14, 16, & 17; 28 U.S.C. § 636(c). On November 4, 2021, the Court held a hearing to address how the case ought to proceed in light of the without-prejudice denial of Defendant The Geo Group's limited motion for summary judgment and expiration of the Phase I discovery plan. Having considered the parties' respective arguments, **IT IS ORDERED THAT**:

**The scope of discovery should now expand.** Discovery shall no longer be limited to evidence relevant to the Geo Group's *Yearsley* and *Boyle* defenses. Instead, the parties are entitled to seek discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b). But discovery should proceed in a manner that is as cost-effective and efficient as possible. If the parties cannot reach an agreement on the particulars of discovery and a detailed discovery-control plan, they may submit their competing discovery-control plans for the Court's review. The Geo Group, however, shall produce as soon as is practicable the full policies and contracts at issue. If it cannot, it must inform the Court as to why it cannot do so and propose a plan for how it will

1

accomplish this task. Apart from discovery in connection with these policies and contracts, however, the parties can pause their discovery efforts briefly, consistent with the discussion below, until Plaintiffs file a claims chart and the Court enters a Phase II Scheduling Order. Pausing expanded discovery, albeit briefly, until Plaintiffs file a claims chart will permit the parties to conduct only the discovery relevant to the live claims at issue in the case.

**The case needs to be narrowed and focused.** As pleaded, this case isn't manageable. For example, although Plaintiffs acknowledge they do not challenge ICE's general authority to transfer and separate detainees, the live Complaint appears to take issue—at least in part—with the mere fact that fathers were separated from their sons. And many of Plaintiffs' claims, as pleaded, rely solely on this alleged and now disclaimed predicate. Plaintiffs concede that the parental separation at issue could have been performed without inflicting injuries on Plaintiffs. For the many claims asserted by the various Plaintiffs, the Court, and surely The Geo Group, can't understand the alleged factual basis for each claim as it pertains to each Plaintiff. The live complaint, in other words, doesn't jibe with the arguments and concessions made in connection with Plaintiffs' arguments against The Geo Group's dispositive motions. And for many claims it's unclear which of the Plaintiffs, if any, suffered an alleged harm (not attributable merely to the fact of separation) and how that harm is linked to The Geo Groups' actions.

Having offered Plaintiffs the opportunity to amend the live complaint, and having had that offer declined, the Court must intervene and exercise its case-management authority. Plaintiffs are therefore **ORDERED** to file—within **45 days from the date of this Order**—a claims chart. The chart must state the basis in the pleadings to conclude that each plaintiff has stated a valid claim for each claim asserted. The chart should track each claim, as to each plaintiff, one necessary element at a time. These factual bases should take into consideration

Plaintiffs' concession that they do not seek recovery for the fact of separation but only the manner it was effected. *See Woodson v. Surgitek, Inc*., 57 F.3d 1406, 1417 (5th Cir. 1995) (courts have the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (quotations omitted). Once the claims chart has been submitted, the Court may at that time dismiss on its own motion claims—on a plaintiff-by-plaintiff basis—taking issue with only the fact of separation. Alternatively, Plaintiffs are free to voluntarily dismiss claims, as they may deem appropriate.

**A further Scheduling Order will also be entered.** Following the filing of the claims chart, the Court will also enter a Phase II Scheduling Order to govern the remainder of this case and consistent with the matters discussed above. The Geo Group may file an amended summary judgment motion on its defenses at any time on or before the dispositive motion deadline as set forth in the forthcoming Phase II Scheduling Order.

**IT IS SO ORDERED.**

SIGNED this 5th day of January, 2022.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE