IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| VICTOR MEJIA RIOS, individually; W.D.M.R., individually and by and through his Parent, VICTOR MEJIA RIOS; JORGE LUIS MARTINEZ MARTINEZ, individually; J.L.M.F., individually and by and through his Parent, JORGE LUIS MARTINEZ MARTINEZ; TOMAS ANTONIO OLIVEROS, individually; A.R.O., individually and by and through his Parent, TOMAS ANTONIO OLIVEROS; WILDER XITUMUL GARCIA, individually; A.M.X.C., individually and by and through his Parent, WILDER XITUMUL GARCIA; PEDRO CARRILLO JIMENEZ, individually; M.C.J., individually and by and through his Parent, PEDRO CARRILLO JIMENEZ; NELSON CAZALEGNO PAZ, individually; O.J.C.S., individually and by and through his Parent, NELSON CAZALEGNO PAZ; JOSE PINEDA RIVERA, individually; J.M.P.A., individually and by and through his Parent, JOSE PINEDA RIVERA; WILSON PINEDA GONZALES, individually; W.E.P.S., individually and by and through his Parent, WILSON PINEDA GONZALES; NOE WALTER PEREZ GONSALEZ, individually; G.L.P.G., individually and by and through his Parent, NOE WALTER PEREZ GONSALEZ; MARVIN REYES PORTILLO, individually; M.R.R.R., individually and by and through his Parent, MARVIN REYES PORTILLO; RUBIER NATO DE OLIVEIRA, individually; G.H.D.O., individually and by and through his Parent, RUBIER NATO DE OLIVEIRA; OBDULIO VASQUEZ PUAC, individually; T.P.C., individually and by and through his Parent, OBDULIO VASQUEZ PUAC; ELMER VELIZ RIVERA, individually; E.Y.V.B., individually and by and through his Parent, ELMER VELIZ RIVERA,<br><br>    Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>    Defendant. | CASE NO. 5:19-cv-00552-RBF |

**DEFENDANT THE GEO GROUP, INC'S OPPOSITION
TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THEIR AMENDED COMPLAINT**

NOW COMES Defendant The GEO Group, Inc. ("GEO"), and files this Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint, Dkt. 70 ("Motion"), and respectfully shows the Court as follows:

## I.   INTRODUCTION AND BACKGROUND

As the Court is well aware, this case involves claims relating to a brief detainee transfer. Plaintiffs are thirteen adults ("Fathers") and thirteen children ("Sons"; together "Plaintiffs") who were separated from each other for one night in August, 2018. Plaintiffs filed their original complaint in May 2019, and GEO moved to dismiss on several grounds, arguing both that a number of the claims were inadequately pled, Dkt. 9 at 25-28, and that Plaintiffs were improperly challenging an ICE decision through damages claims against a contractor, *id.* at 3-25. At a hearing on that motion, Plaintiffs, *inter alia*, disclaimed any attempt to allege physical injuries and any reliance on the mere fact of separation, and they elected to amend their complaint. Dkt. 25 at 7:1-8; 9:3-21, 51:5-8. GEO later moved to dismiss that Amended Complaint. *See generally* Dkts. 26, 29. This Court denied dismissal based on GEO's contractor defenses, ordered discovery limited to those defenses, and later denied without prejudice GEO's motion for summary judgment on the same grounds. *See generally* Dkts. 35, 62.

On January 6, 2022, this Court ordered Plaintiffs to file a claim chart. As this Court explained, "[a]s pleaded, this case isn't manageable." Dkt. 68 at 2. The Court recognized that Plaintiffs did not meaningfully amend their complaint when given the chance, and therefore required the chart they filed to "state the basis in the pleadings" establishing "that each plaintiff has stated a valid claim for each claim asserted," and to do so element-by-element, claim-by-claim, and plaintiff-by-plaintiff. *Id*. The Court further stated that Plaintiffs could voluntarily dismiss

their own claims as appropriate, and indicated that it may also do so on its own motion. *Id.* at 3.

On March 22, 2022—perhaps out of concern that they could not provide a sufficient claims chart based on their operative pleading—Plaintiffs moved for leave to file a Second Amended Complaint ("Proposed SAC"), attached their proposed draft, and then filed a claims chart based on that Proposed SAC. As indicated in the Motion, GEO was not given a copy of the Proposed SAC in advance of Plaintiffs' filing, and therefore reserved its right to oppose. Mot. at 1.

## II.     ARGUMENTS AND AUTHORITIES

GEO does not believe that the Proposed SAC—considered alone or along with Plaintiffs' claims chart—makes this case any more manageable than it was before. While GEO appreciates that Plaintiffs intend to withdraw their bystander claim, Plaintiffs continue to assert six claims on behalf of every Father and four on behalf of every Son, ***for a total of 130 individual claims***. And while Plaintiffs have offered allegations that are specific to each Plaintiff, GEO maintains that those wide-ranging allegations do little to focus discovery or make this case more manageable. *See* Mot. at 3; Dkt. 68 at 2. Further, Plaintiffs have, once again, explicitly relied on the *Ms. L* injunction, making it clear that they continue to challenge ICE's decision to transfer Fathers despite having disclaimed doing so to avoid GEO's previous dispositive motions. Nor does GEO believe that dismissal of any or all of Plaintiffs' claims would be improper, whether on the operative complaint or the Proposed SAC, since in both documents the only significant allegations of injury relate entirely to the fact of separation. *See* Mot. at 4; Dkt. 68 at 2-3. *Compare* Am. Compl. ¶¶ 44-50 *with* Proposed SAC ¶¶ 155-61. In the event the Court grants Plaintiffs leave to amend, GEO will raise its objections once the Proposed SAC becomes the operative complaint.

GEO specifically opposes Plaintiffs' claims for physical injuries. Plaintiffs represented to the Court more than two years ago that their claims do not encompass any. Dkt. 25 at 9:3-21

(attached as Exhibit 1). In their Proposed SAC, however, Plaintiffs not only lace their factual allegations with claims of physical injuries but also seek to recover for them. *See* Proposed SAC, ¶ 184 (claiming physical injuries as damages); *see also id.* ¶¶ 57, 85, 93, 116, 123-24. Plaintiffs' decision to assert them despite their disclaimer is improper. *See*, *e.g.*, *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981) (noting that while parties must have "a fair chance to present claims and defenses," "a busy district court" should not be "imposed upon by the presentation of theories seriatim.") (quotation omitted).

That is especially so because this Court explicitly recognized that Plaintiffs' operative complaint already made this case unmanageable. Dkt. 68 at 2. No Plaintiff alleges any serious injuries, nor does any claim to have sought medical treatment. Discovery into these alleged injuries would therefore apparently turn on Plaintiffs' subjective memories of minor injuries that, by now, allegedly occurred nearly four years ago. While GEO denies that any injuries occurred, all of them would have been within the Plaintiffs' own knowledge years ago when they filed the original Complaint and when GEO sought to dismiss it. Accordingly, GEO respectfully requests that the Court hold Plaintiffs to their disclaimer.

### III. CONCLUSION

WHEREFORE, Defendant The GEO Group, Inc. opposes the filing of the Second Amended Complaint and respectfully requests that, if the Court authorizes filing of the Second Amended Complaint, the Court strike Plaintiffs' allegations relating to physical injuries and their request for recovery for them.

Respectfully submitted,

By: */s/ Charlie Deacon*
    Charles A. Deacon
    State Bar No. 05673300
    charlie.deacon@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
111 W. Houston Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 224-5575
Telecopier: (210) 270-7205

    Mark T. Emery
    State Bar No. 24050564
    Mark.emery@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
799 9th St. NW, Suite 1000
Washington, DC 20001

Attorneys for Defendant
The GEO Group, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of April, 2022, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Jule Rousseau
ARENT FOX LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019
212-484-3900
jule.rousseau@arentfox.com

Jacob M. Gilbert
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
213-629-7400
ismael.bautista@arentfox.com
jake.gilbert@arentfox.com

Susan Tran
ARENT FOX LLP
55 Second Street, 21st Floor
San Francisco, CA 94105
415-757-5500
susan.tran@arentfox.com

Bridget Cambria
Karen Hoffman
Aldea - The People's Justice Center
532 Walnut Street
Reading, PA 19601
484-926-2014
bridget@aldeapjc.org
karen@aldeapjc.org

*/s/ Charlie Deacon*
Charles A. Deacon

# Exhibit 1

Case 5:19-cv-00552-RBF Document 72 Filed 04/05/22 Page 8 of 8
Case 5:19-cv-00552-RBF Document 25 Filed 12/02/19 Page 9 of 68

9

1 other injuries? Like, there's -- are there specific medical
2 injuries apart from that emotional injury?
3     MR. GILBERT: We are still developing the -- what we
4 believe will be medical treatment that these -- both these
5 fathers and children will require for the rest of their lives,
6 which is significant amounts of psychological counseling,
7 learning how to deal with the stress of the day and --
8     THE COURT: But so you're -- what you're saying there
9 is you're grappling with the scope of this alleged injury.
10 There's not a separate injury?
11     MR. GILBERT: No.
12     THE COURT: I just want to -- I want to understand, if
13 I can, what all the harms were that form the basis for these
14 claims or various different kinds of claims under state law.
15 Okay.
16     MR. GILBERT: Yeah.
17     THE COURT: So it's just that emotional distress so
18 far. Is there anything else?
19     MR. GILBERT: As far as we know -- yes. You're
20 absolutely correct, Your Honor. It's emotional distress,
21 psychological trauma, mental anguish. These kids have, again,
22 seen their parents ripped from them --
23     THE COURT: Yeah.
24     MR. GILBERT: -- at possibly the most traumatic period
25 of their lives. I mean, they walked through hell to get just