IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| VICTOR MEJIA RIOS, et al., § | |
| Plaintiffs, § | |
| § | |
| v. § | |
| § | CASE NO. 5:19-cv-00552-RBF |
| THE GEO GROUP, INC., § | |
| § | |
| Defendant. § | |

**REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs respectfully submit this Reply in response to Defendant's Opposition to Plaintiffs' Motion For Leave to File Their [Second] Amended Complaint (the "Opposition") and in further support of Plaintiffs' Motion For Leave to File Their Second Amended Complaint (the "Motion"). As set forth more fully below, justice requires that leave to file the Second Amended Complaint (the "SAC") be granted and Defendant has failed to provide any legitimate basis to deny it.

**I.    ARGUMENT**

**A.    Justice Requires that Plaintiffs' Motion be Granted**

Permission to amend pleadings is freely given when justice so requires. *See* Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleading [with] the court's leave" and "[t]he court should freely give leave when justice so requires."). Further, "Rule 15(a) evinces a bias in favor of granting leave to amend" so as to allow "the disposition of the case on its merits[.]" *Chitimacha Tribe of Louisiana v. Harry L. L. Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982).

"When ruling on a motion for leave to amend, the court should 'consider judicial economy and whether the amendments would lead to expeditious disposition of the merits of the litigation.'" *Waddleton v. Rodriguez*, 750 F. App'x 248, 257 (5th Cir. 2018) (citing *Chitimacha*, 690 F.2d at

1163). "The court should also consider 'whether the amendment adds substance to the original allegations, and whether it is germane to the original case of action.'" *Waddleton*, 750 F. App'x at 257 (citing *Chitimacha*, 690 F.2d at 1163).

"A motion for leave should not be denied 'unless there is a substantial reason to do so.'" *Accresa Health LLC v. Hint Health Inc.*, No. 4:18-CV-00536, 2019 WL 10960486, at *12 (E.D. Tex. May 23, 2019) (citing *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998); *Stonecoat of Texas, LLC v. ProCal Stone Design, LLC*, No. 4:17-CV-00303, 2018 WL 11176237, at *9 (E.D. Tex. Nov. 9, 2018) (same).

The SAC's specific, per-Plaintiff allegations allow for an expeditious resolution of the case and assist with judicial economy by organizing the allegations and claims for each Plaintiff and each Plaintiff-group. As in *Taylor v. Denka Performance Elastomer LLC*, No. CV 17-7668, 2018 WL 5786051 (E.D. La. Nov. 5, 2018) and as specifically ordered by this Court, Plaintiffs particularize their claims and allegations, warranting leave to amend their pleadings. *Id.* at *4–5 ("this time, the plaintiffs offer not only detailed 'background facts' providing an overview of [likely harm to them by defendant's conduct] but also a factual predicate detailing how [defendant's conduct caused harm] as to each plaintiff" including "individualized descriptions and facts detailing each plaintiff's alleged harm."). Also, as in *Taylor*, Defendant's dispute of the merits of Plaintiffs' claim at the pleading stage is inappropriate. *See id.* at *5 (defendant disputing causation element of plaintiffs' injuries and suggesting that any number of sources could have caused plaintiffs' harm, may be so, but "at this procedural stage, it is not the appropriate setting for dismissal.").

Defendant's suggestion that the total number of claims presented is in and of itself sufficient to deny amendment is without basis in law. *See Luig v. N. Bay Enterprises, Inc.*, No.

7:13-CV-00094-O, 2016 WL 11671167, at *2 (N.D. Tex. June 28, 2016); *Earl v. Boeing Co.*, No. 4:19-CV-507, 2020 WL 5993785, at *3 (E.D. Tex. Oct. 9, 2020) (listing neither number of claims, nor number of plaintiffs, as factors in determining whether to grant leave). In any case, the SAC decreases, rather than increases, the number of causes of action. *See* Amended Complaint dated December 20, 2019 (Dkt. 26) and SAC (decreasing the number of causes of action to six).

Plaintiffs' six causes of action for (1) intentional infliction of emotional distress, (2) false imprisonment, (3) assault and battery, (4) medical malpractice and failure to provide adequate healthcare, (5) negligence and (6) violation of Texas Family Code § 42.002 (Possessory Right to Children) are neither inherently complex nor incapable of expeditious disposition on the merits. In addition, the claims are grouped by Plaintiff category: all Plaintiffs (intentional infliction of emotional distress, false imprisonment, medical malpractice and failure to provide adequate healthcare, and negligence) and Plaintiff-Fathers only (assault and battery and violation of Texas Family Code § 42.002 (Possessory Right to Children)) so as to promote judicial efficiency.

In addition to the general allegations in the original and amended complaints, Plaintiffs have provided specific individual allegations in the SAC. Plaintiffs have not added new causes of action, but as directed, have provided more information about their existing allegations. The SAC adds substance to the previously presented claims and provides further detail; therefore, justice requires that the Motion be granted.

### B.     Defendant Has Failed to Provide Any Legal or Factual Basis to Deny Plaintiffs' Motion

Defendant fails to set forth "substantial" grounds for denying amendment. Instead, Defendant's assertions that the allegations in the SAC are "wide-ranging" and "do little to focus discovery or make this case more manageable," *see* Opposition at 3-4, are neither factually true

nor relevant to the legal standard for considering a motion for leave to amend. *See Waddleton*, 750 F. App'x at 257; *Luig*, No. 7:13-CV-00094-O, 2016 WL at *2.

Defendant's Opposition does not claim that the SAC fails to add substance or is not germane to the original allegations. Other than their bare contention that the SAC is "wide-ranging" and unmanageable, Defendant's Opposition raises none of the five issues—undue delay, bad faith or dilatory motive, failure to cure deficiencies by previous amendments, undue prejudice, or futility of amendment—that are commonly considered by the Fifth Circuit in determining whether to grant a motion for leave to amend. *See Luig*, No. 7:13-CV-00094-O, 2016 WL at *2 (citing *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)); *Earl v. Boeing Co.*, No. 4:19-CV-507, 2020 WL at *3.

Importantly, none of these factors is present in this instance. Plaintiffs' Motion was timely filed following the Court's February 23, 2022 Text Order granting Plaintiffs' Motion for Extension of Time to File. Allowing amendment would not cause undue delay in the proceeding because full discovery has not yet commenced. *See* Order filed January 5, 2022 (Dkt. 68) ("[t]he scope of discovery should now expand.") Plaintiffs' Motion was made in good faith in an attempt to best comply with this Court's January 5, 2022 Order seeking clarity on their claims. Plaintiffs' Motion comes as no surprise, since in their Motion For An Extension of Time To File, which this Court granted, Plaintiffs stated that "Plaintiffs' counsel anticipate filing a Motion for leave to File A Second Amended Complaint with the Claims Chart in order to narrow and focus the claims, align the pleadings with the facts, streamline discovery, and clarify the issues for resolution[.]" (Dkt. 69). Plaintiffs had no dilatory motive or repeated failure to cure deficiencies in previous pleadings. Defendant has not suggested that it would be prejudiced in any way by the SAC, nor can there be prejudice to Defendant if amendment is permitted. Indeed, the Court, as well as all parties benefit

from clarification of the issues for resolution. Finally, Defendant has also failed to allege, and cannot demonstrate, that the amendments set forth in the SAC are futile, or fail to state viable causes of action.

As Defendant fails to set forth any grounds to deny amendment and because none exists, leave to amend should be granted.

### C. Defendant Mischaracterizes Plaintiffs' Allegations

In the absence of law or facts to support its opposition to the SAC, Defendant resorts to mischaracterizations of Plaintiffs' claims. Defendant's assertions that this "Court recognized that Plaintiffs did not meaningfully amend their complaint when given the chance" and that Plaintiffs were concerned "they could not provide a sufficient claims chart based on their operative pleading" are incorrect. Most importantly, neither argument provides grounds for denying amendment and neither is a factor that courts consider in deciding motions to amend.

Defendant also mischaracterizes Plaintiffs' claims in arguing that Plaintiffs are challenging ICE's decision to transfer Plaintiff-Fathers. This is not so. The SAC does not challenge ICE's decision to transfer Plaintiff-Fathers, but it does challenge Defendant's conduct in seeking and obtaining that decision, as well as the means and manner by which Defendant effectuated the transfer. *See e.g.*, SAC ¶¶ 25-36; *id*. ¶¶ 59, 79, 93-94 ("On April 15, 2018, with no proper notice or lawful justification, without any validly conferred authority to do so, and in violation of the Preliminary Injunction, GEO improperly and forcibly removed the FATHERS from Karnes, once again separating them from CHILDREN…" (¶ 27); "GEO medical staff were present where the FATHERS were held. OLIVEROS asked them for medication because he had a very bad headache. The nurses did not give him any medication. OLIVEROS told the officers that the zip ties were too tight, but the officers refused to adjust them" (¶ 59); "GEO staff, who had told the

5

CHILDREN that they would never see their FATHERS ever again, started laughing" (¶ 79); "GEO staff treated him so roughly that his handcuffs cut the skin on his wrist. GEO staff patted him down with such force that one of his shoes fell off" (¶ 93); "Amidst all of this, some of the officers laughed and grinned" (¶ 94)).

Defendant also misstates Plaintiffs' position by claiming that "the only significant allegations of injury relate entirely to the fact of separation." Opposition, p. 3. Despite Defendant's attempt to minimize Plaintiffs-Fathers' injuries as "minor" and not "serious," Plaintiffs' allegations of mental distress, anguish and mental trauma arising from the unlawful treatment they received are sufficient to support their causes of action for intentional infliction of emotional distress, negligence, false imprisonment, medical malpractice, and violation of Texas Code §42.002. Moreover, Defendant cannot deny that Plaintiff-Fathers' alleged injuries plainly relate to the manner in which it carried out the transfer from Karnes detention center to Pearsall detention center and the treatment of Plaintiff-Fathers at Pearsall. *See e.g.*, *id*. ¶ 47 ("MEJIA suffered pain, anguish and mental trauma as a result of GEO's conduct … including … GEO's failure to provide adequate medical and psychological treatment …; … GEO's treatment of him; his being placed in solitary confinement; and GEO's treatment of his son.").

Defendant also mischaracterizes the record in claiming that Plaintiffs disclaimed physical injuries. In purporting to show that disclaimer, Defendant proffers a one-page excerpt from a hearing transcript filed on December 2, 2019. Defendant argues that the except shows that Plaintiffs' claims "do not encompass any" physical injuries. The excerpt does not show that. In the excerpt, Plaintiffs' counsel informed the Court that "[w]e are still developing … what we believe will be medical treatment" when counsel was asked if "there [are] specific medical injuries apart

6

from that emotional injury?" Further, when asked whether "it's just that emotional distress so far", counsel replied: "[a]s far as we know – yes."

Counsel's responses cannot be read to preclude future allegations of physical injuries given their knowledge at that early stage of this matter. As far as counsel knew at the time, emotional distress damages, including "psychological counseling," constituted Plaintiffs' injuries. As stated in Plaintiffs' Motion For An Extension of Time To File, as of February 18, 2022, "Plaintiffs' counsel [was] interviewing each of the Plaintiff Fathers and Sons in order to prepare the Claims Chart, and [had] completed interviews with eleven of the Plaintiffs Fathers and two of the Plaintiff Sons, with the remaining interviews to be completed within the next ten days." (Dkt. 69). As Plaintiffs developed their case following the December 2019 hearing, injuries beyond "emotional distress, psychological trauma and mental anguish" were discovered. As justice plainly requires, Plaintiffs should be afforded the opportunity to present such allegations and proof at trial. *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863,873 (5th Cir. 2000).

*Daves v. Payless Cashways, Inc.*, 661 F.2d 1022 (5th Cir. 1981), relied upon by Defendant, is inapposite. There, amendment was denied in part because plaintiff's motion to amend was brought too late and showed dilatory neglect. *See* 661 F.2d 1022, 1025. The motion to amend was filed "on the eve of trial after discovery and after an unexplained nineteen-month delay." *Id*. The Fifth Circuit found that the plaintiff unjustifiably delayed in moving to amend and neglected her case, warranting denial of the motion to amend. *See id*.

Moreover, in *Daves*, the proposed amended complaint alleged that plaintiff was denied employment in defendant's sales/receiving department, instead of in the plumbing and electrical department, as the original complaint stated. *Id*. The district court viewed the proposed amendment "as trying to change the cause of action after the case had been set for trial". *Id*. The Fifth Circuit

7

found that the new allegations "encompassed a much broader range of potential job openings and, therefore, substantially alter[ed] what must be proved to recover under Title VII"; the amendment thus represented more than an "alternative" theory for recovery. *Id*.

Neither is the case here. Plaintiffs timely moved to amend consistent with the Text Order filed February 23, 2022 granting an extension to Plaintiffs' deadline to file a claims chart. Further, Defendant would not be prejudiced if amendment is permitted because full discovery has not yet commenced. *See* Order filed January 5, 2022 (Dkt. 68).

The SAC reduces the number of claims and does not substantially alter what must be proved to recover under each claim.

For the foregoing reasons, leave to amend should be granted.

Dated: April 12, 2022                                Respectfully submitted,

                                                     */s/ Jacob M. Gilbert*
                                                     Jule Rousseau, Esq. (admitted *pro hac vice*)
                                                     Allen D. Reiter (admitted *pro hac vice*)
                                                     Sarah B. "Cissy" Jackson (admitted *pro hac vice*)
                                                     Jacob M. Gilbert, Esq. (admitted *pro hac vice*)
                                                     ARENTFOX SCHIFF LLP
                                                     1301 Avenue of the Americas, Floor 42
                                                     New York, NY 10019
                                                     (P) 212-484-3900
                                                     (F) 212-484-3990
                                                     jule.rousseau@afslaw.com
                                                     allen.reiter@afslaw.com
                                                     cissy.jackson@afslaw.com
                                                     jake.gilbert@afslaw.com
                                                     *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on the date specified below, a true copy of this document was electronically filed with the Clerk of the Court using CM/ECF, and that CM/ECF will send a notice of electronic filing to all registered CM/ECF users and that there are no known non-registered CM/ECF users in this case.

/s/ Jake Gilbert
Jake Gilbert
Attorney for Plaintiffs
